UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES     Plaintiff

v.     Criminal Action No. 3:22-cr-82-RGJ

DOMINIQUE PARKER     Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Dominique Parker's ("Parker") motion to dismiss the firearm charge in the indictment against him as unconstitutional. [DE 19]. The United States responded [DE 20] and Parker replied [DE 22]. This matter is ripe. For the reasons below, Parker's motion to dismiss [DE 19] is **DENIED**.

## BACKGROUND

In August 2022, the United States charged Parker with a single count, Possession of a Firearm by a Prohibited Person, specifically a felon, in violation of 18 U.S.C. § 922(g)(1). [DE 3 at 9]. The felony Parker was previously convicted of is "Facilitation to Robbery in the First Degree." [*Id.*].

## DISCUSSION

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *Heller* and *McDonald*, the Supreme Court expanded on what this right means and found the Second Amendment grants the "individual right to keep and bear arms" upon "responsible, law-abiding citizens" and upheld the "longstanding prohibitions on the possession of firearms by felons." *D.C. v. Heller*, 554 U.S. 570, 581, 592, 626 (2008); *McDonald v. City of*

*Chicago, Ill.*, 561 U.S. 742 (2010).  The United States Supreme Court has further explained that the Second Amendment guarantees "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense."  *New York State Rifle & Pistol Assoc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022) (citing *Heller* and *McDonald*).  *Bruen* also extended the protection to "an individual's right to carry a handgun for self-defense outside the home" and clarified the test for constitutionality of a regulation: "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct" so "the government must demonstrate that [the] regulation is consistent with this Nation's historical tradition of firearm regulation."  *Bruen,* 142 S. Ct. at 2126.

Parker argues that *Heller* no longer applies and that the Court should only apply the test under *Bruen*.  [DE 19 at 46-47].  Under *Bruen*, Parker argues the firearm charge against him is unconstitutional as applied because he is one of "the people" under the plain text of the Second Amendment's guarantee to a right to possess arms.  [*Id.* at 42-43].  He also argues, under *Bruen*, that § 922(g)(1) conflicts with the Nation's historical tradition of firearm regulation.  [*Id.* at 43-48].  The United States disagrees that Parker's charge is unconditional under the test from *Bruen* and argues that the felon in possession statute is consistent with both the plain text and the Nation's historical tradition in limiting firearm rights for those who commit crimes.  [DE 20 at 51-59].

Whether a non-law-abiding citizen qualifies for Second Amendment rights was not before the court in *Bruen*.  But *Bruen* repeatedly described the Second Amendment as it applies to "law-abiding" citizens.  142 S.Ct. at 2122, 2131, 2133, 2134, 2138, 2150, 2156.  And *Bruen* affirmed the Supreme Court's prior holdings in *Heller* and *McDonald*.  *Bruen,* 142 S. Ct. at 2122 (noting that *Heller* and *McDonald* "recognized that the Second and Fourteenth Amendments protect the right of an *ordinary, law-abiding citizen* to possess a handgun in the home for self-defense" and

holding individuals have a right to possession of a handgun for self-defense outside the home "consistent with *Heller* and *McDonald*") (emphasis added); *see also, e.g.*, *United States v. Carter*, No. 22-20477, 2023 WL 3319913, at *2 (E.D. Mich. May 9, 2023) (collecting cases and noting "[t]he *Bruen* Court states that its holding was 'in keeping with *Heller*'") (citing *Bruen* at 2126). In *Heller*, the United States Supreme Court held that the Second Amendment codified a preexisting "individual right to keep and bear arms" upon "responsible, law-abiding citizens." *Heller*, 554 U.S. at 581, 592. The Supreme Court also simultaneously held that "[l]ike most rights, the right secured by the Second Amendment is not unlimited" and upheld the "longstanding prohibitions on the possession of firearms by felons." *Id.* at 626. The Court reiterated this in *McDonald*, and as stated above, recently affirmed both holdings in *Bruen*. The charge against Parker under § 922(g)(1) is thus constitutional under *Heller*, *McDonald*, and *Bruen*.

Even if *Bruen* had not upheld *Heller* and *McDonald*, § 922(g)(1) is still valid under the *Bruen* analysis. Under such analysis, this Court must consider whether the plain text of the Second Amendment applies here—whether Parker as a felon is one of "the people"—and if so, whether the felon in possession statute is consistent with this Nation's historical tradition of firearm regulation. *See Bruen,* 142 S. Ct. at 2126. For the purposes of this analysis, the Court will assume Parker is one of "the people" granted rights under the Second Amendment and that the plain text of the Second Amendment thus applies here. *See United States v. Goins,* No. 522CR00091GFVTMAS1, 2022 WL 17836677, at *7 (E.D. Ky. Dec. 21, 2022) (noting that in the other six provisions in the constitution referencing "the people," the phrase "unambiguously refers to all members of the political community, not an unspecified subset, [and this] established 'a strong presumption that the Second Amendment right . . . belongs to all Americans.'") (quoting *Heller*, 554 U.S. at 560).

On the second issue—the constitutionality of § 922(g)(1) post-*Bruen*—the parties cite seemingly conflicting authority about the historical background of felon in possession legislation.[1] *Compare* [DE 19 at 43-46 ("Founding-era legislatures did not strip felons of the right to bear arms simply because of their status as felons.") (quoting *Kanter v. Barr*, 919 F.3d 437, 450 (7th Cir. 2019) (Barrett, J., dissenting)] *and* [DE 20 at 51-55 ("exclusion of criminals from the individual right to keep and bear arms [] was understood.") (quoting Stephen P. Halbrook, *The Founders' Second Amendment* 273 (2008) and *Robertson v. Baldwin*, 165 U.S. 275, 281 (1897))]. This issue has been examined by several courts in this Court's sister district. Each concluded the same thing: § 922(g)(1) is constitutional, even post-*Bruen*. *See Goins*, 2022 WL 17836677, at *13 (finding § 922(g)(1) constitutional under *Bruen*); *United States v. Taylor*, No. 322CR00022GFVTEBA1, 2023 WL 1423725, at *5 (E.D. Ky. Jan. 31, 2023) ("Congress's motive for disarming Mr. Taylor is not just relevantly similar to the historic concern with burglars; in fact, the two are identical"); *United States v. Davis*, No. CR 5:19-159-DCR, 2023 WL 373172, at *2 (E.D. Ky. Jan. 24, 2023) ("*Bruen* did nothing to change the prohibition on the possession of firearms by felons, which

---

[1] The Court also notes Parker's argument that "the stigma of a felony conviction is disproportionately aligned with race [so] [w]e must be extremely cautious not to allow racist legal structures to be carried into current times under other names." [DE 22 at 62]. Such argument should be presented to the legislature rather than the judiciary. *See e.g.*, *Compton v. Frisch's Restaurants, Inc.*, No. 2:12-CV-858, 2013 WL 1500211, at *3 (S.D. Ohio Apr. 10, 2013) ("This is a policy argument that targets Congress, the entity that enacted [the relevant statutes], and not this Court. The legislature is involved in policymaking; the judiciary is not similarly involved. Plaintiff's policy-based argument proves unpersuasive.").

remains well-settled law.").[2]  The Sixth Circuit has also stated that rather than disturbing the precedent for withholding firearms from those who possess them in furtherance of drug crimes, "*Bruen* instead referred repeatedly to the rights of 'law-abiding citizens.'"  *United States v. Burgess*, Nos. 22-1110/22-1112, 2023 WL 179886, at *5, n.2 (6th Cir. Jan 13, 2023) ("Bruen did not change the landscape" on "the possibility of as-applied challenges" in the Second Amendment context.).

The cases cited above engage in a deep dive of the relevant history and traditions.  Their analysis includes a consideration of English and American colonial laws as well as relevant United States Supreme Court decisions.  *See Goins*, 2022 WL 17836677; *Taylor*, 2023 WL 1423725; *and Davis*, 2023 WL 373172.  Each concludes that the United States carried its burden in showing that history supports disarming individuals like Parker, who was convicted of facilitation to robbery.  After considering these analyses along with the briefing and a great number of opinions on the constitutionality of § 922(g)(1), this Court agrees with the overwhelming consensus and finds the same: the United States has carried its burden here in showing that history supports disarming

---

[2] *See also, e.g.*, *United States v. Burrell*, No. 21-20395, 2022 WL 4096865, at *3 (E.D. Mich. Sept. 7, 2022) ("Federal courts nationwide have rejected similar facial constitutional challenges to the felon-in-possession statute."); *United States v. Smith*, No. 22-CR-20351, 2023 WL 2215779, at *2 (E.D. Mich. Feb. 24, 2023) ("*Bruen*—which found that a state could not require applicants for unrestricted handgun licenses to demonstrate a special need for self-protection—does not upset the long-established understanding that § 922(g)(1) is constitutional."); *United States v. Bluer*, No. 22-20557, 2023 WL 3309844, at *5 (E.D. Mich. May 8, 2023) ("it appears that no court confronted with the same or similar facial challenge to the felon in possession statute has found § 922(g)(1) unconstitutional and each has roundly rejected reading Bruen to obliterate—let alone obfuscate—the 'longstanding prohibitions on the possession of firearms by felons.'") (internal citations omitted); *and Carter*, 2023 WL 3319913, at *2 ("Since Bruen, no appellate court has held that § 922(g)(1) violates the Second Amendment.").  The United States further includes over 100 citations supporting rejection of a post-*Bruen* challenge to the constitutionality of § 922(g)(1), and states that it is unaware of any court having ruled in favor of such a challenge.  Parker cites no case directly contrary.  This Court is aware of the case cited by Parker that granted a motion to dismiss under a challenge to § 922(g): *United States v. Combs*, No. CR 5:22-136-DCR, 2023 WL 1466614, at *5 (E.D. Ky. Feb. 2, 2023).  For the reasons explained in this order and because that case analyzed a separate issue—the possession of a firearm by a defendant subject to a restraining order under § 922(g)(8)—this Court does not find that case persuasive for purposes of the instant analysis.  The Court also notes that the same Judge found § 922(g)(1) constitutional in a nearly simultaneous decision, *Davis*, 2023 WL 373172.

Parker. *See United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) ("Congress's prohibition on felon possession of firearms is constitutional");[3] *United States v. Goolsby*, No. 21-3087, 2022 WL 670137, at *2 (6th Cir. Mar. 7, 2022) (post-*Bruen*, citing *Carey* and stating, "we have repeatedly found that prohibitions on felon possession of firearms do not violate the Second Amendment.") (internal quotation marks omitted). Given the overwhelming unanimity, the Court sees no reason to conduct a more in-depth analysis of the issue.

The Court thus finds the sole count of the indictment, felon in possession of a firearm under 18 U.S.C. § 922(g)(1), constitutional under the Second Amendment, and therefore **DENIES** Parker's Motion to Dismiss.

## CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that**

1. Parker's Motion to Dismiss [DE 19] is **DENIED**.

Cc: Counsel of Record

---

[3] The Court notes *Carey's* unambiguous holding, not through dicta, that prohibitions on felons' possession of firearms do not violate the Second Amendment. *Carey*, 602 F.3d at 741. This Court cannot ignore this precedent, even though the Supreme Court's mode of analysis for Second Amendment challenges has changed since *Carey*. *See Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).